IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAWN KEVIN FROST, SR.,

    Plaintiff,

vs.

MATTHEW CATE, et al.,

    Defendants.

No. C 12-5226 YGR (PR)

**ORDER OF SERVICE**

**INTRODUCTION**

Plaintiff, a state prisoner who is incarcerated at Pelican Bay State Prison ("PBSP"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging various constitutional violations that occurred in 2012.

Plaintiff also seeks leave to proceed *in forma pauperis*, which will be granted in a separate Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: California Department of Corrections and Rehabilitation Former Secretary Matthew Cate; Appeals Examiner D. Van Leer; Chief Office of Inmate Appeals J. D. Lazano; PBSP Warden G. D. Lewis; PBSP Chief Deputy Warden D. Bradbury; PBSP Associate Warden Dayton Conover; PBSP Captains R. K. Bell and Wilbur; PBSP Lieutenants C. Acosta and J. Barneburg; PBSP Sergeant J. Puente; PBSP Correctional Officers E. R. Burr, Charles W. Essex, P. H. Hicks, T. Higgins, M. Statham, William J. McDonald, M. Senior, R. L. Shellabarger; PBSP Correctional Counselor II S. Soderlund; PBSP Registered Nurse ("RN") C. Timoshenko; PBSP Family Nurse Practitioner ("FNP") S. Risenhoover; D. Wilcox[1] and "John Does, as determined via discovery." (Compl. at 3-4.)

Plaintiff seeks monetary damages.

---

[1] Plaintiff does not list a title for "D. Wilcox." The Court also notes that Defendant Wilcox is not included in the list of all named Defendants; however, he has been named as a Defendant in the complaint. Therefore, the Court assumes that Plaintiff intended to add Defendant Wilcox as a named Defendant.

**DISCUSSION**

**I.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.   Legal Claims**

**A.   Deliberate Indifference to Safety Needs**

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. *See id.* at 833. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *See id.* at 834.

Plaintiff alleges that on February 14, 2012, while he was being escorted to his housing unit, "several main-line inmates threw an unlocked, unsupervised gate and began a brutal attack upon [Plaintiff] and another inmate (John Dee Lambertson)." (Compl. at 3.) Plaintiff and inmate Lambertson suffered injuries from the attack. Liberally construed, the allegations of the complaint state a claim under § 1983 for deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment rights. Plaintiff has adequately linked the following to his claim: Defendants Wilbur, Burr, Essex, Hicks, Higgins, Statham, McDonald, Senior, Shellabarger and Soderlund.

The complaint also does not state a claim for relief against Defendants Lewis, Bell,

2

Bradbury and Wilcox, who Plaintiff claims in a conclusory fashion "began to obstruct and conspire to prevent justice . . . ." (Compl. at 4.) Even if Plaintiff alleges that these Defendants participated in any way after the attack, their actions cannot be said to have caused the already-completed attack on Plaintiff. Plaintiff cannot overcome the timing problem by alleging a conspiratorial cover-up. A mere allegation of conspiracy without factual specificity is insufficient. *See Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (quoting *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988)), *reversed on other grounds by Johnson v. California*, 125 S. Ct. 1141 (2005). Accordingly, the Court DISMISSES without prejudice all claims against Defendants Lewis, Bell, Bradbury and Wilcox.

### B.     Deliberate Indifference Claim

Plaintiff's allegations also state a claim for deliberate indifference to his serious medical needs.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837.

Plaintiff states that he suffered from a "busted nose" and that Defendants Timoshenko and Risenhoover denied his request to have an "MRI or X-RAY." (Compl. at 3.) At the time he signed his complaint on August 16, 2012, Plaintiff claimed that he was "still uncertain to date of [his nose is] broken." (*Id.*) Accordingly, Plaintiff has adequately pled a cognizable claim against Defendants Timoshenko and Risenhoover for deliberate indifference to his medical needs.

3

### C. Claim Relating to Grievance Process

Plaintiff names the following Defendants in his complaint, Appeals Examiner D. Van Leer; Chief Office of Inmate Appeals J. D. Lazano, and the Court construes his claim against them as challenges to their denials of his administrative appeals. Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action. *See Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance."). Plaintiff has therefore failed to state a claim against Defendants Van Leer and Lazano. Accordingly, Plaintiff's claim against Defendants Van Leer and Lazano relating to the grievance process is DISMISSED with prejudice.

### D. Supervisory Liability

Plaintiff also names certain Defendants, who the Court assumes are being held liable as supervisors, including: Defendants Cate, Conover, Acosta, Barneburg and Puente. Plaintiff does not allege facts demonstrating that the aforementioned supervisory Defendants violated his federal rights, but seems to claim these Defendants are liable based on the conduct of their subordinates, who are among the remaining Defendants. There is, however, no *respondeat superior* liability under § 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that each Defendant, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Plaintiff has not made such a claim. Accordingly, Plaintiff's supervisory liability claim against the aforementioned Defendants is DISMISSED without prejudice.

### E. Claims Against Doe Defendants

Plaintiff identifies "John Does," whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*,

177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against these Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn these Doe Defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint states a cognizable Eighth Amendment claim of deliberate indifference to his safety against Defendants Wilbur, Burr, Essex, Hicks, Higgins, Statham, McDonald, Senior, Shellabarger and Soderlund.

2. All claims against Defendants Lewis, Bell, Bradbury and Wilcox are DISMISSED without prejudice.

3. Plaintiff has adequately pled a cognizable claim against Defendants Timoshenko and Risenhoover for deliberate indifference to his medical needs.

4. Plaintiff's claim against Defendants Van Leer and Lazano relating to the grievance process is DISMISSED with prejudice.

5. Plaintiff's supervisory liability claim against Defendants Cate, Conover, Acosta, Barneburg and Puente is DISMISSED without prejudice.

6. Plaintiff's claims against Doe Defendants are DISMISSED without prejudice.

7. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **PBSP Captain Wilbur; PBSP Correctional Officers E. R. Burr, Charles W. Essex, P. H. Hicks, T. Higgins, M. Statham, William J. McDonald, M. Senior, R. L. Shellabarger; PBSP Correctional Counselor II S. Soderlund; PBSP RN C. Timoshenko; and PBSP FNP S. Risenhoover.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

8. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant

to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      9.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a.      No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

      If Defendants are of the opinion that this case cannot be resolved by summary judgment,

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

  Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were

made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

10. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

11. All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

12. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

13. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

1     IT IS SO ORDERED.
2   DATED:   May 8, 2013

                                                    **YVONNE GONZALEZ ROGERS**
                                                    **UNITED STATES DISTRICT COURT JUDGE**

**United States District Court**
For the Northern District of California