UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN KEVIN FROST, SR., | No. C 12-5226 YGR (PR) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART THEIR REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND DIRECTING THEM TO FILE A MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| MATTHEW CATE, et al., | |
| Defendants. | |

This is a federal civil rights action. Defendants' motion to dismiss on grounds that Plaintiff has failed to state claims for relief (Docket No. 36) is DENIED. Plaintiff's allegations, when liberally construed, appear to state claims for relief. Defendants' grounds for dismissal are more properly raised in a motion for summary judgment. Accordingly, Defendants shall file a motion for summary judgment within **sixty (60) days** from the date this Order is filed. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

Defendants are reminded that a motion for summary judgment must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). **Defendants shall provide the following notice to Plaintiff when they file and serve any motion for summary**

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

**judgment:**

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand*, 154 F.3d at 962-63.

Also before the Court is Defendants' motion for an extension of time to respond to Plaintiff's pending motion for summary judgment (Docket No. 12), which was filed before Defendants appeared in this action. Defendants request an extension of time up to and including sixty days from the date the Court issues an Order resolving their motion to dismiss. As explained above, the Court has denied Defendants' pending motion to dismiss. The Court finds that only a brief extension of time -- as opposed to a sixty-day extension -- is warranted. Accordingly, the Court GRANTS in part and DENIES in part Defendants' motion for an extension of time (Docket No. 38). Defendants shall respond to Plaintiff's motion for summary judgment no later than **February 7, 2014.** Plaintiff may file a reply brief no later than **March 7, 2014.**

The Clerk of the Court shall terminate Docket Nos. 36 and 38.

**IT IS SO ORDERED**.

DATED:   January 3, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.12\Frost5226.denyMTD(ftsc).wpd        2