IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAWN FROST,

    Plaintiff,

v.

MATTHEW CATE, et al.,

    Defendants.

No. C 12-05226 YGR (PR)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; DENYING HIS REQUEST FOR APPOINTMENT OF COURT-APPOINTED INVESTIGATOR; AND DENYING HIS MOTIONS FOR SUMMARY JUDGMENT AND TO SET A TRIAL DATE**

Plaintiff filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983 alleging claims of deliberate indifference to his safety and to his medical needs. Thereafter, the Court issued an Order of Service. Prior to Defendants appearing in this action, Plaintiff filed a motion to compel discovery as well as motions for summary judgment and to set a trial date. (Docket Nos. 9, 12.) Defendants have since appeared in this action and have filed an opposition to Plaintiff's motion for summary judgment. (Docket No. 42.)

Also before the Court are Plaintiff's "Motion Seeking the Court to Grant and Order Defendants to Pay for an Investigator for Plaintiff" (Docket No. 29) as well as Defendants' recently-filed motion for summary judgment (Docket No. 47).

**I.      Motion to Compel Discovery**

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery. For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if

"(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

It is not an effective or appropriate use of the Court's limited resources for it to oversee all aspects of discovery. Thus, before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party. It is only when the parties are unable to resolve the dispute after making a good faith effort to do so should they seek the Court's intervention. *See* Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants *in person.* Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery.

Here, Plaintiff did not meet and confer with Defendants, which would have afforded them with a final opportunity to address each request upon which he now asks the Court to rule. Moreover, it may be that Plaintiff will obtain some sought-after discovery if Defendants file a motion for summary judgment and accompanying exhibits, with which Defendants shall also serve Plaintiff.[1] For these reasons, Plaintiff's motion to compel (Docket No. 9) is DENIED as premature. The parties are directed to abide by the scheduling order to complete discovery outlined below.

**II.     Plaintiff's Motions for Summary Judgment and to Set a Trial Date**

As mentioned above, Plaintiff has filed a motion for summary judgment; however, the Court finds that it is premature because it was filed before Defendants appeared. Even though Defendants have now been given the opportunity to respond to Plaintiff's premature motion for summary

---

[1] In an Order dated January 3, 2014, the Court denied Defendants' motion to dismiss for failure to state claims for relief upon finding that their grounds for dismissal were more properly raised in a motion for summary judgment. (Docket No. 41.) The Court then directed Defendants to file a motion for summary judgment and set a new briefing schedule for the parties. (*Id.*)

judgment, the Court notes that it was not originally served upon Defendants. Plaintiff may file the motion again or he may simply raise the arguments raised therein when he opposes the motion for summary judgment that Defendants intend to file, but he must serve any paper he files upon Defendants if he wishes to have it considered. In addition, Plaintiff must ensure that any brief he files is procedurally proper and does not violate this Court's standing orders as well as the Local Rules of the United States District Court for the Northern District of California.

Accordingly, Plaintiff's motion for summary judgment (Docket No. 12) is DENIED as premature. Because Plaintiff's motion for summary judgment has been denied, Plaintiff's motion to set a trial date is also DENIED as premature.

### III.   Remaining Pending Motions

#### A.   Plaintiff's Request for Appointment of Court-Appointed Investigator

Plaintiff's "Motion Seeking the Court to Grant and Order Defendants to Pay for an Investigator for Plaintiff" (Docket No. 29) is construed as a request for appointment of a court-appointed investigator is DENIED for lack of exceptional circumstances. *Cf. Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Plaintiff may seek discovery from Defendants through a request for production in accordance with the Federal Rules of Civil Procedure.

#### B.   Defendants' Motion for Summary Judgment

On March 3, 2014, Defendants filed their motion for summary judgment. (Docket No. 47.)

The Ninth Circuit requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the district court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 935, 940-41 (9th Cir. 2012). Thus, on the same date they filed their motion, Defendants submitted a filing containing the notice of the requirements previously set forth by the Ninth Circuit in *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), and explained to Plaintiff what he must do in order to oppose a motion for summary judgment. (Docket No. 49.) Plaintiff's opposition to Defendants' motion for summary judgment is due on May 2, 2014. In

preparing his opposition, Plaintiff must take into account the *Rand* summary judgment notice. (*Id.*)

## CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. Plaintiff's motion to compel discovery (Docket No. 9) is DENIED as premature. In the interests of justice, the Court sets a discovery cut-off date of **twenty-eight (28) days** from the date Plaintiff is served with Defendants' recently-filed motion for summary judgment. If Plaintiff attempts to meet and confer with Defendants regarding requests for the production of documents or any other discovery requests and is not satisfied with the result he may file a renewed discovery motion. But in no event shall he file such a motion until after he has reviewed Defendants' motion for summary judgment.

2. Plaintiff's motions for summary judgment and to set a trial date (Docket No. 12) are DENIED as premature.

3. Plaintiff's "Motion Seeking the Court to Grant and Order Defendants to Pay for an Investigator for Plaintiff" (Docket No. 29), which has been construed as a request for appointment of a court-appointed investigator, is DENIED for lack of exceptional circumstances.

4. The Court will not resolve Defendants' recently-filed motion for summary judgment until it is fully submitted. As mentioned above, Plaintiff's opposition to Defendants' pending motion for summary judgment is due on **May 2, 2014.** In preparing his opposition to the pending motion for summary judgment, Plaintiff is instructed to take into account the *Rand* summary judgment notice. (Docket No. 49.) Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

5. This Order terminates Docket Nos. 9, 12 and 29.

IT IS SO ORDERED.

DATED: March 6, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

P:\PRO-SE\YGR\CR.12\Frost5226.denyMTC&PsMSJ.wpd    4